ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

IVANA DJAK (NYBN 5516687)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3918
    FAX: (510) 637-3724
    ivana.djak@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 24-CR-576 MAG |
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | |
| CHAD VANPELT, | Court: Hon. Thomas S. Hixson |
| Defendant. | Hearing Date: November 21, 2024 |
| | Hearing Time: 10:30 A.M. |

**I.    INTRODUCTION**

On the night of July 28, 2023, the defendant, Chad Vanpelt, assaulted a 12-year-old child ("Minor Victim One") and a 13-year-old child ("Minor Victim Two"). The defendant first met the children at a bar aboard a cruise ship, and then followed them to an elevator lobby. In the elevator lobby, he grabbed the arm and buttock of Minor Victim Two, and then pushed Minor Victim One who fell and hurt her arm and head.

On November 14, 2024, a two-count Information was filed against the defendant alleging violations of 18 U.S.C. § 113(a)(4) – Assault by Striking or Wounding (of Minor Victim One), and 18 U.S.C. § 113(a)(5) – Simple Assault of Person Under Age 16 (of Minor Victim Two). *See* Dkt. No. 1. The defendant has expressed to the government through counsel that he intends to be arraigned on the

Information, plead guilty to both counts, and consent to be sentenced by the Magistrate Judge at a hearing scheduled for November 21, 2024 at 10:30 a.m.[1]

The defendant's conduct is serious—two children were physically assaulted and emotionally scarred by the events of July 28, 2023.  The defendant has agreed to take responsibility for his actions and to efficiently resolve this case.  Based on the nature and circumstances of the offense, the defendant's lack of prior criminal history, and the defendant's acceptance of responsibility, the government submits that a noncustodial sentence followed by two years of supervised release, including among other conditions, the special conditions that the defendant seek mental health and alcohol abuse treatment, is sufficient, but not greater than necessary, to achieve the goals set forth in 18 U.S.C. § 3553(a).

## II.     OFFENSE CONDUCT

Between July 24, 2023, and August 3, 2023, the defendant was aboard a Carnival Miracle cruise ship that departed from San Francisco, California, and traveled up the Pacific coast, with stops in Alaska and British Columbia, Canada, before returning to port in San Francisco.  On the night of July 28, 2023, the cruise ship traveled along the coast of, and between, Juneau, Alaska, and Skagway, Alaska, in the United States.

Over the course of the evening of July 28, 2023, the defendant sat at the Red Frog Bar on Deck 9 and consumed multiple alcoholic beverages.  At about 10:00 p.m., a group of pre-teen and teenaged children entered and moved about the bar.  Minor Victim One and Minor Victim Two entered with the group of children.  Minor Victim One was 12 years old at the time.  Minor Victim Two was 13 years old at the time.  The defendant interacted with and spoke to several of the children, including Minor Victim Two, who was seated next to him at the bar at one point.  The defendant interacted with another 12-year-old minor child whom he spoke with for a while, and then lightly slapped across the chest.  Shortly after 10:30 p.m., Minor Victim One and Minor Victim Two left the bar and walked toward a pool area adjacent to the bar on Deck 9.  The defendant exited the bar and followed them.  Minor Victim One and Minor Victim Two walked toward the Deck 9 elevator lobby.  The defendant followed them to the

---

[1] The government expects the defendant will also waive the preparation of a presentence investigation report ("PSR"), although the Probation Department has been consulted and is expected to appear at the November 21, 2024 hearing.

elevator lobby and spoke to them. Once inside the lobby, the defendant grabbed the arm and right buttock of Minor Victim Two. Minor Victim One then stepped in front of Minor Victim Two and yelled at the defendant. The defendant then intentionally pushed Minor Victim One out of the way. Minor Victim One fell back into the wall and hit her head and arms, leaving a bruise on her arm. The sibling of Minor Victim Two witnessed the assaults on Minor Victims One and Two, and several eyewitnesses saw the assault on Minor Victim One.

After the assaults, the defendant walked back to his cabin on Deck 6. Several of the children who witnessed the assaults followed the defendant to Deck 6, and he engaged in a loud argument with the children in the hallway. Later that same night of July 28, 2023, at a restaurant on Deck 9, the defendant got into a physical altercation with the parents of Minor Victim One and Minor Victim Two when they confronted him about the assault.

Minor Victim One and Minor Victim Two, as well as their families, were deeply scarred and traumatized by this event. Both Minor Victims have sought mental health treatment, and Minor Victim One and her sibling have signed up for self defense classes because of the assault.

**III.   PROCEDURAL HISTORY**

On November 14, 2024, a two-count Information was filed against the defendant alleging violations of 18 U.S.C. § 113(a)(4) – Assault by Striking or Wounding, and 18 U.S.C. § 113(a)(5) – Simple Assault of Person Under Age 16. *See* Dkt. No. 1. The defendant intends to be arraigned on the Information, plead guilty to both counts, and consent to be sentenced by the Magistrate Judge, at a hearing scheduled for November 21, 2024 at 10:30 a.m.

**IV.   SENTENCING GUIDELINES CALCULATION**

The parties agree to a plea agreement resulting in an adjusted offense level of 11. The government agrees to recommend a non-custodial sentence and two years of supervised release including special conditions, which reflects an eight-month downward variance from the bottom of the range associated with an offense level of 11 and a Criminal History Category ("CHC") of I.

The calculation is as follows.

   a. Count One: Assault by Striking (Minor Victim One) (base offense level 7 (U.S.S.G. § 2A2.3(a)(1)). There is a two-level enhancement because the victim sustained bodily injury

3

24-CR-576 MAG

(U.S.S.G. § 2A2.3(b)(1)(A)).  And there is a two-level adjustment because the victim was a vulnerable victim (U.S.S.G. § 3A1.1(b)(1)), such that the Adjusted Offense Level for Count One is 11.

b. Count Two: Simple Assault of Person Under Age of 16 (Minor Victim Two) (base offense level 7 (U.S.S.G. § 2A2.3(a)(1)).  There is a two-level adjustment because the victim was a vulnerable victim (U.S.S.G. § 3A1.1(b)(1)), such that the Adjusted Offense Level for Count One is 9.

c. Grouping: U.S.S.G. § 3D1.2(d) excludes the guideline for offenses of 18 U.S.C. § 113 from grouping, such that units are to be assigned pursuant to U.S.S.G. § 3D1.4(a), and the Total Adjusted Offense level for both counts is 13.

The two levels deducted for Acceptance of Responsibility pursuant to U.S.S.G. § 3E1.1, result in a final Adjusted Offense Level of 11.

The parties agree that the defendant does not have prior criminal convictions and accordingly has a CHC of I.  This results in a guideline range of 8 to 12 months.

Pursuant to the plea agreement, and as detailed below, the government recommends a non-custodial sentence and two years of supervised release (one year per count) including special conditions, which reflects an eight-month downward variance from the bottom of the range associated with an offense level of 11.

**V.     APPLICABLE LAW**

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2).  *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).  The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines.  *Id.*  After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a).  *Id.* at 991–93.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others:

(1)     the nature and circumstances of the offense and the history and characteristics of

the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) the need for the sentence to protect the public from future crimes of the defendant;

(5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(6) the need to provide restitution to any victims of the offense.

## VI. RECOMMENDED SENTENCE AND SECTION 3553(a) FACTORS

Based upon a consideration of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), the government respectfully recommends a noncustodial sentence, eight months below a sentence commensurate with an Adjusted Offense Level of 11 and a CHC I, to be followed by two years of supervised release, including among other conditions, the special conditions that the defendant seek mental health and alcohol abuse treatment.

The nature and circumstances of the defendant's offenses are serious. The defendant assaulted two minor children—he grabbed the buttock of one and pushed the other into a wall when that child tried to protect a friend. Both Minor Victims One and Two have expressed great distress and not feeling safe as a result of the defendant's behavior. The defendant also engaged other children on the cruise ship in a loud and threatening way, and later fought with the Victim's family members. A criminal conviction and a sentence of supervised release are warranted, to ensure that the defendant is monitored and seeks treatment to avoid engaging in the charged conduct against, and to send a clear deterrent message that adults cannot touch or hurt children in the way that the defendant did, period.

The government also acknowledges that the defendant has no criminal history and appears to be gainfully employed. The defendant has also taken responsibility for his actions in this case and has thus saved the government considerable resources. The government believes that avoiding a trial and further proceedings is in the best interests of the Minor Victims in this case.

The special conditions outlined in the plea agreement will also hopefully ensure that the

defendant abstains from engaging in similar criminal conduct in the future.  The defendant was drinking heavily at the Red Frog Bar before the assaults, and in interacting with the Minor Victims and their families, he appeared to be intoxicated and emotionally belligerent.  Accordingly, the special condition that the defendant abstain from drinking alcohol and receive alcohol abuse treatment, and the special condition that the defendant receive mental health treatment, are tailored to ensure the defendant seeks necessary treatment to avoid future intoxicated and belligerent actions.  The defendant also agrees to a no contact provision, providing he will under no circumstances contact the Minor Victims, and a suspicions search condition to ensure compliance with the no contact provision.

    The governments' recommendation of a noncustodial sentence to be followed by two years of supervised release takes all the above aggravating and mitigating factors into account.  This sentence is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553.

DATED:  November 18, 2024

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

____*Ivana Djak*_____
Ivana Djak
Assistant United States Attorney

24-CR-576 MAG

6